UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT LYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:09-cv-0080-DFH-WGH |
| | ) | |
| HANS G. POPPE and | ) | |
| DIGITAL LIFESTYLES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ENTRY ON MOTIONS TO DISMISS

Robert Lynn brought this action pursuant to 42 U.S.C. § 1983 claiming that defendants Hans G. Poppe and Digital Lifestyles, Inc. deprived him of federal due process rights through their abuse of process and malicious prosecution of civil actions in state courts. The defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because Lynn fails to allege any action that the defendants took under color of state law, and because Lynn's complaints address matters that belong in the state courts, the defendants' motions are granted.

*Factual Allegations*

According to his complaint, Lynn contracted in 2002 with Digital Lifestyles, a Kentucky corporation, to build a home theater in his home in Floyd County, Indiana. The project was partially complete and the contract price partially paid

when Lynn terminated the contract.  Compl. ¶ 4.  With Poppe as its lawyer, Digital Lifestyles filed suit in Kentucky state court for breach of contract, winning a judgment there in August 2007.  Lynn appealed on the ground that Kentucky lacked personal jurisdiction over him, but the Kentucky Court of Appeals affirmed. In February 2008, Poppe filed an enforcement suit on behalf of Digital Lifestyles in the Circuit Court of Indiana for Floyd County.  That court ruled against Digital Lifestyles in August 2008, finding that enforcement was improper because the Kentucky court had lacked jurisdiction and Digital Lifestyles had failed to serve process properly under Indiana law.  The Indiana Court of Appeals reversed on September 2, 2009, holding that the Kentucky judgment was entitled to enforcement in Indiana and that any objection to service was waived when Lynn appeared before the Indiana court.

While Digital Lifestyles' appeal to the Indiana Court of Appeals was pending, Lynn sued Poppe and Digital Lifestyles in this court on June 10, 2009, seeking damages under 42 U.S.C. § 1983 for alleged violation of his federal due process rights through abuse of process and malicious prosecution.  Lynn's complaint alleges broadly that the defendants "took advantage of the erroneous holding" in Kentucky and filed their Indiana suit "falsely, maliciously, and without just cause."  Compl. ¶ 8.  Lynn also alleges, as he has throughout this litigation, that the Kentucky courts lacked personal jurisdiction over him and that there were procedural irregularities in Poppe's filing with the Indiana trial court.  Compl. ¶¶ 3, 6.

*Discussion*

To survive a motion to dismiss, the plaintiff's complaint must meet the standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For purposes of the defendants' motions to dismiss, the court accepts as true all well-pleaded facts set forth in the complaint. See *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). The plaintiff must nevertheless allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's legal conclusions must not "merely parrot the statutory language" of a claim, but must "provid[e] some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was (1) deprived of a federal right, privilege, or immunity (2) by a person acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Generally, a person acting under color of state law is an officer of a state or local government. A private individual can be said to have acted under color of state law only if the plaintiff can establish that "(1) the private individual and a state official reached an understanding to deprive the plaintiff of her constitutional rights and (2) the private individual was a willful participant in joint activity with the state or its agents." *Thurman v. Village of Homewood*,

446 F.3d 682, 687 (7th Cir. 2006), quoting *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000).

Lynn's complaint fails to state a claim against Poppe under § 1983.  It is well established that "lawyers do not act under color of law merely by representing their clients."  *Hefley v. Bruch*, 276 Fed. Appx. 506, 507 (7th Cir. 2008).  Even where a lawyer has represented a state actor, that representation cannot have been under color of state law unless the lawyer "engaged in a conspiracy with state officials to deprive another of federal rights."  *Tower v. Glover*, 467 U.S. 914, 920 (1984).  Lynn has sued Poppe for his work as a private attorney representing a private actor.  He has not alleged that Poppe conspired with a state actor to deprive Lynn of his constitutional rights, nor has he alleged circumstances indicating that Poppe acted under color of state law in any way.  His conclusory allegations are not enough to support liability under § 1983.

Lynn's claim against Digital Lifestyles is also unsupported by his factual allegations.  Like Poppe, Digital Lifestyles is a private actor and can be held liable under § 1983 only if it acted under color of law to deprive Lynn of his constitutional rights.  A private plaintiff, like its private attorney, does not violate a private defendant's constitutional rights simply by suing that defendant in state court, even if the claim is utterly meritless.  To say that it did in this case would give every state-court defendant a right of action in federal court when a plaintiff seeks to enforce a foreign judgment against it.  Lynn has not alleged that Digital

Lifestyles conspired with any state actor when it brought suit against him, nor even suggested what state actor Digital Lifestyles might have joined with to deny his rights.  More is required to survive a motion to dismiss.

If Lynn believed that Poppe and Digital violated his rights in their (apparently successful) attempt to enforce the Kentucky judgment against him in Indiana, his recourse was to the state courts in which his case was being litigated.  See *Redwood v. Dobson*, 476 F.3d 462, 467, 470 (7th Cir. 2007) (treating appeal on such issues as frivolous).  The Supreme Court has made clear that district courts may not decide cases like this one that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Similarly, Indiana's rules of issue preclusion, combined with the federal full faith and credit statute, prohibit Lynn from relitigating issues here that were litigated and decided in a state court case to which he was a party.  See 28 U.S.C. § 1738; *Sullivan v. American Casualty Co.*, 605 N.E.2d 134, 139 (Ind. 1992).  In short, Lynn's objections to the state court proceedings are better left to the state courts in which those proceedings have taken place.  If he thought his federal rights were being violated, the state courts of Kentucky and Indiana were fully capable of addressing those issues.

*Conclusion*

For the foregoing reasons, both Poppe's and Digital Lifestyles' motions to dismiss are granted.  Final judgment will be entered dismissing this action with prejudice.


So ordered.

Date: November 6, 2009

David F Hamilton
_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Charles M. Friedman
cfriedmanesq@bellsouth.net

Adam S. Glass
FINE & HATFIELD
asg@fine-hatfield.com

Danny E. Glass
FINE & HATFIELD
deg@fine-hatfield.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com

Matthew J. Kelley
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
matthew.kelley@ogletreedeakins.com